IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL E. CORIZ,

    Petitioner,

v.                                                             CIV 17-1258 JB/KBM

VICTOR RODRIGUEZ, ACTING WARDEN
Sandoval County Detention Center,
Sandoval County New Mexico,

ROBERT B. CORIZ, TRIBAL COURT JUDGE
and Governor for the Pueblo of Kewa, and

KEWA PUEBLO
(Also known as Santo Domingo Pueblo),

    Respondents.

## **PROPOSED FINDINGS OF FACT AND RECOMMENDED DISPOSITION**

        THIS MATTER comes before the Court on Petitioner Daniel E. Coriz's Motion for Immediate Release Pending Review of the Merits of his Petition (*Doc. 14*), filed on March 30, 2018. The Honorable James O. Browning referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. *Doc. 16*. The Court has reviewed the submissions of the parties and the relevant law, and further conducted oral arguments on the issues thus presented. Although the Court recommends that Petitioner's Motion for Immediate Release be denied, it further recommends that an expedited evidentiary hearing be held as soon as possible to address the issues of exhaustion of remedies and waiver of rights.

## I. Background

On December 6, 2017, Daniel Coriz ("Petitioner") was sentenced to 2,520 days of imprisonment by the Pueblo of Santo Domingo Tribal Court ("Tribal Court"). *Doc. 7-1* at 22. Petitioner then brought a Petition for Writ of Habeas Corpus under the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1303. *Doc. 1*. Petitioner now requests that the Court grant him immediate release pending review of the merits of his Petition.

## II. Legal Standard

Citing *Hilton v. Braunskill*, 481 U.S. 770 (1987), Petitioner contends that there are four factors for the Court to consider when determining release:

> (1) a strong showing that the movant is likely to succeed on the merits regarding the subject of the requested relief; (2) the movant is likely to suffer irreparable injury in the absence of relief; (3) the requested relief will not substantially injure the other parties interested in the proceeding; and (4) the relief serves the public interest.

*Doc. 14* at 3. But, the *Hilton* factors are not applicable here. *Hilton* deals with Federal Rule of Appellant Procedure 23 and the standard for release of a successful habeas petitioner **after** the district court has granted his or her petition, and the government is seeking appeal. *Hilton*, 481 U.S. at 776-77 ("In this case, we are asked to decide what factors these provisions [of Fed. R. App. P. 23] allow a court to consider in determining whether to release a state prisoner pending appeal of a district court order granting habeas relief."). As a New Hampshire District Court correctly pointed out, Rule 23 "does not specifically address the possibility of release on bail pending a district court's decision on the petition. *Bader v. Coplan*, No. CIV 02-508-JD, 2003 WL 163171, at *3 (D.N.H. Jan. 23, 2003).

Rather, the appropriate standard is defined in *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981). "An inmate seeking federal habeas relief must, in order to obtain release pending a determination on the merits of his petition, make a showing of exceptional circumstances or demonstrate a clear case on the merits of his habeas petition." *United States v. Palermo*, 191 F. App'x 812, 813 (10th Cir. 2006) (*citing Pfaff*, 648 F.2d at 693). While this standard has not yet been applied in an ICRA Section 1303 case, it has been applied in analogous cases where "[a]n inmate seek[s] federal habeas relief." *Id.* The Tenth Circuit has applied the *Pfaff* standard to cases involving habeas petitions under Section 2255 (*Palermo*, 191 F. App'x at 813), Section 2254 (*Pfaff*, 648 F.2d at 690, 693), and Section 2241 (*Stow v. Perrill*, 30 F.3d 142 (10th Cir. 1994) (table decision)). The Court therefore finds this standard persuasive, if not binding.

Most Tenth Circuit case law treats the two *Pfaff* requirements as alternatives (a showing of exceptional circumstances *or* a clear case on the merits). *See, e.g.*, *United States v. Zander*, 669 F. App'x 955, 956 (10th Cir. 2016); *Barnett v. Hargett*, 166 F.3d 1220, at *1 (10th Cir. 1999) (table decision). However, in *Vreeland v. Zupan*, 644 F. App'x 812 (10th Cir. 2016) the Tenth Circuit treated the standard with an "and" instead of an "or," noting that "a motion for release at this late stage required [petitioner] to show not only a clear case on the merits of the habeas petition, but also exceptional circumstances." *Id.* at 813 (citation omitted). The Court distinguishes *Vreeland* from the instant case because there the petition for habeas corpus was filed "nearly eight years into a state prison term . . . ." *Id.* Here, the case is in its early stages, as Petitioner filed his habeas petition within weeks of his conviction and sentencing. *See Docs. 1*; *7-1* at 22. The Court therefore treats the *Pfaff* requirements as alternative grounds for release.

3

### III. Analysis

#### A. Exceptional Circumstances

The Tenth Circuit has held that exceptional or "special circumstances include the raising of substantial claims upon which appellant has a high probably of success, a serious deterioration of health while incarcerated, and unusual delay in the appeal process." *Barnett*, 166 F.3d at *1 (citations omitted). That said, in *Palermo*, the Tenth Circuit found that "[a]lthough [petitioner] asserts he is suffering from various health problems, has endured significant delay in the district court's processing of his § 2255 motion, and is on the verge of being transferred from prison to a halfway house, none of these assertions constitute exceptional circumstances." *Palermo*, 191 F. App'x at 813.

Here, Petitioner has not shown that exceptional circumstances exist in this case. Petitioner does argue that he has suffered irreparable harm by being unlawfully detained. *Doc. 14* at 8. He asserts that he cannot provide for his family, including a young daughter, or care for his elderly parents, whose health has declined because of their son's incarceration. *Doc. 14* at 9-10, 11. However, as Respondent observes, Petitioner and his family are suffering the same stressors accompanying any conviction and incarceration. Simply put, Petitioner fails to demonstrate a serious deterioration of health or any other exceptional circumstances that would warrant immediate release.

#### B. Clear Case on the Merits

Under the alternative *Pfaff* requirement, Petitioner argues that he has established a "clear case on the merits" based upon the Tribal Court's violation of multiple sections of 25 U.S.C. § 1302, including violations of Section 1302(c).

4

According to Section 1302(c), a tribal court must comply with certain listed requirements "[i]n a criminal proceeding in which an Indian tribe, in exercising powers of self-government, imposes a total term of imprisonment of more than 1 year on a defendant." In this case, the Tribal Court charged Petitioner with thirteen counts in a single criminal complaint. *Doc. 7-1* at 9-12. At a single trial, Petitioner was found guilty of seven of those counts. *Doc. 7-1* at 22, 23. The Tribal Court sentenced him to 360 days for each offense, for a total term of imprisonment of 2,520 days. *Doc. 7-1* at 22, 23. Petitioner maintains that by its plain, unambiguous language, Section 1302(c) applies here because a tribal court imposed a *total sentence*, for all offenses brought in one criminal proceeding, of more than one year. Indeed, Section 1302(c) specifically uses the phrase "total term of imprisonment" for "a criminal proceeding."

In contrast, Respondent Coriz relies on the limitation set forth in Section 1302(a)(7)(B); a tribal court cannot "impose for conviction of any **1 offense** any penalty or punishment greater than imprisonment for a term of 1 year . . . ." (emphasis added). Respondent argues that because the tribal court imposed a term of imprisonment less than one year on each charge of conviction, Section 1302(c) never comes into play. Petitioner counters that Section 1302(c) is unambiguous – it is meant to apply when a defendant is sentenced to a "**total term** of imprisonment" in a single proceeding with no reference to the term that is imposed on a single offense.

While the Tenth Circuit has not addressed this issue, other courts have, concluding that Section 1302(c) applies to cases where the tribal court imposed a *total sentence* of more than one year for all offenses of which a defendant is convicted. In *Johnson v. Tracy*, No. CIV 11-01979 PHX-DGC, 2012 WL 4478801 (D. Ariz. Sept. 28,

5

2012), the petitioner was sentenced to a total of two years of imprisonment for three different counts, with each count carrying less than one year imprisonment. *Id.* at *1. The Arizona District Court held that "Petitioner's 'total' prison term of two years, resulting from a single 'criminal proceeding,' clearly falls within [Section 1302(c)]." *Id.* at *3. Further, the Ninth Circuit explained that

> [i]n 2010, Congress rewrote § 1302. Unlike the former version, the amended statute permits up to a three-year term for "any 1 offense" in certain circumstances. [Section 1302(a)(7)(C), (b).] It also explicitly defined "offense" to mean "a violation of criminal law," [Section 1302(e)] and permits consecutive sentences up to a cumulative total of nine years [Section 1302(a)(7)(D)]. However, if a tribal court metes out this enhanced punishment in a single "criminal proceeding," the defendant must receive something akin to a full panoply of procedural rights that would be due a criminal defendant prior to conviction. [Section 1302(c).]

*Miranda v. Anchondo*, 684 F.3d 844, 849 n.4 (9th Cir. 2012) (citations omitted).

Pointing to legislative history, Respondent Coriz contends that Congress intended tribal courts have the option of conducting proceedings under Section 1302(a) or 1302(c), depending on the length of the sentence imposed for each offense. *Doc. 17* at 7-9. He asserts that this case proceeded under Section 1302(a) because the Tribal Court imposed sentences of less than one year for each offense (in accordance with Section 1302(a)(7)(B)), for a total of less than nine years (in accordance with Section 1302(a)(7)(D)). *Doc. 17* at 5-6. Therefore, he argues that the Tribal Court did not have to meet the Section 1302(c) requirements because Section 1302(a)(7)(D) is not subject to Section 1302(c). *Doc. 17* at 6.

The Court finds, however, that Section 1302(c) lists requirements a tribal court must meet **in addition** to those requirements in Section 1302(a), not requirements that are an alternative to Section 1302(a). Section 1302(a)(7)(B) forbids a tribal court from

6

imposing a sentence of more than one year for any *one offense* (with an exception in Section 1302(b) where the tribe can impose a sentence of up to three years if one of two requirements are met). Section 1302(a)(7)(D) then forbids a tribe from imposing a total term of imprisonment, for *all offenses* brought in a single criminal proceeding, of more than nine years. In addition to those limitations, Section 1302(c) lists certain rights that the tribe must provide to a defendant when it imposes a *total term of imprisonment over one year in a single criminal proceeding* without regard to the number of offenses of conviction. Because this Court finds the statutory language unambiguous, it need not address legislative history. *See Nat'l Ass'n of Manufactures v. Dep't of Def.*, 138 S. Ct. 617, 631 (2018) ("because the plain language of [the statute] is unambiguous, our inquiry begins with the statutory text, and ends there as well." (quotations omitted)).

Thus, Section 1302(c) applies in this case because the Tribal Court imposed on Petitioner a *total sentence* of imprisonment of more than one year (2,520 days) in one criminal proceeding. However, the Tribal Court concedes that it did not follow at least two of the requirements of Section 1302(c). Section 1302(c)(3)(B) requires that the presiding judge be "licensed to practice law by any jurisdiction in the United States." Respondent Coriz submitted an affidavit with his Answer, in which he acknowledges that he was the presiding judge and that he is not an attorney. *Doc. 7-2* at 2. Further, Section 1302(c)(5) requires that the tribal court "maintain a record of the criminal proceeding, including an audio or other recording of the trial proceeding." Again, Respondent Coriz acknowledges in his affidavit that "[t]he Tribal Court does not record or make transcripts of its proceedings." *Doc. 7-2* at 2.

While it is clear that the Tribal Court violated at least two requirements of Section

1302(c), Petitioner has not established a "clear case on the merits" of his Petition because there are remaining issues that must be addressed at an evidentiary hearing. First, further evidence is needed to determine whether Petitioner failed to exhaust any tribal court remedies or if exhaustion was futile.[1] Additional evidence is also needed to determine if Petitioner waived the rights afforded to him under Section 1302.

Lastly, under Section 1302(a)(7)(B), the Tribal Court is authorized to impose a sentence up to one year for any one offense without providing the rights listed in Section 1302(c). Here, Petitioner was convicted of seven counts and sentenced to 360 days imprisonment for each individual count. *Doc. 7-1* at 23. Had the Tribal Court only charged one of those offenses in a criminal proceeding, it would not have been in violation of Section 1302(c). Therefore, up to 360 days of Petitioner's total term is presumptively valid if, as some evidence indicates, Petitioner waived his right to counsel at the traditional trial.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the Court deny Petitioner's Motion for Immediate Release (*Doc. 14*) and order an expedited evidentiary hearing regarding exhaustion and waiver of rights.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Exhaustion "is not a jurisdiction prerequisite to review." *Valenzuela v. Silversmith*, 699 F.3d 1199, 1206 (10th Cir. 2012). However, before bringing a habeas petition to federal court under Section 1303, a petitioner must exhaust tribal court remedies or meet one of the exceptions. *Id.* at 1206-07.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**