IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL E. CORIZ,

    Petitioner,

v.                                                                                                 CIV 17-1258 JB/KBM

VICTOR RODRIGUEZ, ACTING WARDEN
Sandoval County Detention Center,
Sandoval County New Mexico,

ROBERT B. CORIZ, TRIBAL COURT JUDGE
and Governor for the Pueblo of Kewa, and

KEWA PUEBLO
(Also known as Santo Domingo Pueblo),

    Respondents.

## PROPOSED FINDINGS OF FACT AND RECOMMENDED DISPOSITION

       THIS MATTER comes before the Court on Petitioner Daniel E. Coriz's Motion to Substitute the Current Governor as the Successive Officer in the Above-Captioned Case (*Doc. 25*), filed on May 1, 2018. The Honorable James Browning referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. *Doc. 16*. Having reviewed the submissions of the parties and the relevant law, the Court recommends that Petitioner's Motion to Substitute the Current Governor be granted in part and denied in part.

       Petitioner Coriz filed his Petition for Writ of Habeas Corpus Pursuant to 25 U.S.C. § 1303, naming Robert B. Coriz, in both his official capacity as Tribal Court Judge and

Governor of Pueblo of Kewa, as a respondent. *Doc. 1*. Respondent Coriz is no longer the Governor of the Pueblo of Kewa, and Petitioner now wishes to substitute the current Governor, Thomas Moquino, Jr., who was appointed to that position in 2018, as a respondent.

Federal Rule of Civil Procedure 25(d) provides that "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending." Instead, the "officer's successor is automaticity substituted as a party," and the "Court may order substitution at any time, but the absence of such an order does not affect the substitution." Fed. R. Civ. P. 25(d). "In general [Rule 25(d)] will apply whenever effective relief would call for corrective behavior by the one then having official status and power, rather than one who has lost that status and power through ceasing to hold office." Fed. R. Civ. P 25(d) advisory committee's note to 1961 amendment. The proper respondent, therefore, is "the official with authority to modify the tribal conviction or sentence." *Garcia v. Elwell,* CIV 17-0333 WJ/GJF, 2017 WL 3172826, at *2 (D.N.M. May 25, 2017) (citing *Poodry v. Tonawando Band of Seneca Indians*, 85 F.3d 874, 899-900 (2nd Cir. 1996)).

It is undisputed that Respondent Coriz is no longer Governor and that Thomas Moquino, Jr. now holds the office of Governor of the Kewa Pueblo. *See Doc. 28* at 2. Therefore, pursuant to Rule 25(d), Thomas Moquino, Jr. should be substituted in his official capacity as the Respondent Governor.

Nonetheless, Respondent Coriz should remain as a proper respondent but in a different official capacity. It appears that both the Governor of Kewa Pueblo and Tribal Court Judge are appropriate respondents because both seem to have authority to

2

provide Petitioner's requested relief.[1] *See* Doc. 7-1 at 22 (jail commitment form places Petitioner into custody of the Sandoval County Detention Facility "until his release shall be ordered by the Governor or Judge of this Pueblo."); *Id.* at 1 (Judgment form, signed by Governor *or* Tribal Court Judge); *Garcia,* 2017 WL 3172826, at *3 ("Respondent Robert B. Coriz, in his capacity as Tribal Court Judge and Governor for the Pueblo of Kewa is a proper tribal respondent and will be ordered to answer the Petition".). Although Respondent Coriz no longer serves as Governor, he "has been appointed to serve as the Tribal Court Judge in any further proceedings against Petitioner." *Id.* at 2. As such, it appears that his official capacity role as Tribal Court Judge in this case has not ended. The Court accordingly recommends that Robert B. Coriz remain a respondent but only in his official capacity as Tribal Court Judge.

Lastly, the Court recommends, sua sponte, that Pueblo of Kewa be dismissed based on sovereign immunity. "An application for writ of habeas corpus is never viewed as a suit against the sovereign," and "§ 1303 does not signal congressional abrogation of tribal sovereign immunity, even in habeas cases." *Poodry,* 85 F.3d 899-900 ("Because a petition for writ of habeas is not properly a suit against the sovereign, the Tonawanda Band is simply not a proper respondent."). Kewa Pueblo should therefore be dismissed. Because Tribal sovereign immunity does not bar "actions against tribal officers for writs of habeas corpus," the remaining Respondents are properly named in this proceeding. *Id.*

---

[1] In his Motion to Substitute, Petitioner Coriz states that "[t]he Governor has authority over Tribal Court decisions regarding Tribal defendants, including the release of Tribal prisoners and vacating Tribal Court convictions and sentences." Doc. 25, ¶ 2. He cites *Garcia v. Rivas*, No. 15-cv-377 MCA/SCY, 2016 WL 10538197, at *2-3 (D.N.M. Mar. 11, 2016), for this proposition. While this may be true, at least in part, the Court has reviewed the *Garcia* case and finds no such statement or implication contained in it.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the Court grant in part and deny in Petitioner's Motion to Substitute the Current Governor as the Successive Officer in the Above Captioned Case (*Doc. 25*) as follows:

(1) Thomas Moquino, Jr, in his official capacity as Governor of the Pueblo of Kewa, be substituted as a respondent in place of Robert B. Coriz, as Governor;

(2) Robert B. Coriz remain a respondent in his official capacity as Tribal Court Judge; and

(3) Respondent Kewa Pueblo be dismissed.

                                                              _____
                                                              UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**