IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL E. CORIZ,

        Petitioner,

v.                                       CIV 17-1258 JB/KBM

VICTOR RODRIGUEZ, ACTING WARDEN
Sandoval County Detention Center,
Sandoval County New Mexico,

ROBERT B. CORIZ, TRIBAL COURT JUDGE
and Governor for the Pueblo of Kewa, and

KEWA PUEBLO
(Also known as Santo Domingo Pueblo),

        Respondents.

## PROPOSED FINDINGS OF FACT AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Petitioner Daniel E. Coriz's

Emergency Motion for Preliminary Injunctive Relief to Preserve the Status Quo Pending

Review *(Doc. 31),* filed on May 29, 2018.[1] Although the movant has failed to file a

Notice of Completion of briefing as required by our District's Local Rules, *see*

D.N.M.LR-Civ. 7.4(e), the Court will deem it ready for ruling given Petitioner's

characterization as an "emergency" motion. The Court has reviewed the submissions of

the parties and the relevant law, and now recommends that the presiding judge deny

Petitioner's Emergency Motion.

---

[1] The Honorable James O. Browning has referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. *Doc. 16.*

On December 6, 2017, the Pueblo of Santo Domingo Tribal Court ("Tribal Court") sentenced Daniel Coriz ("Petitioner") to 2,520 days of imprisonment. *Doc. 7-1* at 22. Petitioner then brought a Petition for Writ of Habeas Corpus under the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1303, contending that his conviction and sentence violate federal law. *Doc. 1*. On March 30, 2018, Petitioner requested that the Court grant him immediate release pending review of the merits of his Petition. After hearing oral arguments on the motion, the undersigned entered Proposed Findings and Recommended Disposition ("PFRD") on May 15, 2018 recommending that Judge Browning deny immediate release and that an expedited evidentiary hearing be held as soon as possible to address the issues of exhaustion of remedies and waiver of rights. As of today, Judge Browning has not yet addressed objections to that PFRD.

Following his conviction and at the time of the filing of the instant motion, Petitioner Daniel Coriz was held in custody at the Sandoval County Detention Center ("SCDC"). *Doc. 31* at 2. According to Petitioner, Respondent Robert Coriz (who presides as the Tribal Court Judge) "unilaterally and suddenly made the decision to transfer Petitioner Coriz from SCDC to a detention facility in Towaoc, Colorado." *Id.* Petitioner indicates in his Emergency Motion that he

> seeks only to prevent or prohibit a unilateral decision to change the status quo by Respondent Coriz (former Governor and tribal court judge) that may significantly change the status of the case by divesting this Court of jurisdiction. If the transfer is allowed, Respondent Coriz may move to dismiss the case for lack of custodial jurisdiction in New Mexico, under district court case law supporting removal to the U.S. District of Colorado for tribal habeas petitioners.

*Doc. 31* at 2-3 (citation and quotation omitted). In their opposition briefing on the Emergency Motion, Respondents advise that Petitioner was transferred to the Chief

2

Ignacio Justice Center detention facility in Towaoc, Colorado on May 25, 2018 where he is now housed in general population.

Respondents further argue that injunctive relief is unavailable under the Indian Civil Rights Act ("ICRA"). *Doc. 35* at 2. Indeed, "[t]he Indian Civil Rights Act does not expressly or impliedly authorize actions for declaratory or injunctive relief against either the tribe or its officials." *Tillett v. Hodel*, 730 F. Supp. 381, 383 (W.D. Okla. 1990), *aff'd sub nom. Tillett v. Lujan*, 931 F.2d 636 (10th Cir. 1991) (citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49 (1978)). It is unsurprising, therefore, that Petitioner fails to counter this argument and instead relies on "this Court's inherent and equitable authorities" as the purported source of authority for granting the requested relief *Doc. 37* at 1-2.

Yet even if such inherent authority could have supported the granting of the requested injunctive relief, Petitioner fails to persuade this Court that it should exercise such authority. Respondents assert, and Petitioner does not dispute, that the Tribe uses SCDC for short-term detention and depends on the BIA to provide long-term detention facilities, such as the Towoac BIA-operated facility. *Doc. 35* at 3-4. Petitioner makes no showing of irreparable injury to Petitioner from his placement in the general population at BIA's closest facility there in Colorado. Respondents also represent that the BIA will transport Petitioner for any hearings at which his presence is required.

And, contrary to Petitioner's assertion, the transfer of his physical custody to the Towaoc detention facility does not deprive this Court of jurisdiction to address his Petition. Petitioner relies on the *Cheykaychi* decision by the Honorable Kenneth Gonzales for the proposition that "Respondent Coriz may move to dismiss the case for

lack of custodial jurisdiction in New Mexico." *Doc. 31* at 2-3; *Cheykaychi v. Geisen and Kewa Pueblo et al*, CIV 17-0514 KG/GBW, Doc. 10 (D.N.M. July 5, 2017). The Court feels confident that such a request, if made, would be rejected for the reasons set forth below.

In *Cheykaychi*, the petitioner had likewise been transferred to the Towaoc facility during the pendency of the Section 1303 habeas proceedings that challenged his Kewa Pueblo conviction and sentence. There, Judge Gonzales *sua sponte* entered an order to show cause why the case should not be transferred to Colorado federal district court. After briefing by the parties, Judge Gonzales set forth his rationale supporting the final decision to transfer the *Cheykaychi* case:

> The Rules Governing Section 2254 Cases In The United States District Courts, which are applicable to habeas petitions filed under 25 U.S.C. § 1303, provide that if a petitioner currently is in custody pursuant to a court judgment, then the proper respondent is the officer who has custody of the petitioner. See Rule 1(b). . . . This is consistent with the "long standing practice . . . in habeas challenges to present physical confinement – 'core challenges' – [that] the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, . . . [rather] than some other remote supervisory official." *Rumsfeld [v. Padilla]*, 542 U.S. at 435 (2004). Although Petitioner is in tribal custody, rather than federal or state custody, his challenge to his present physical confinement is "not unique in any way that would provide arguable basis for a departure from the immediate custodian rule." *Id.* at 442. . . . When a petitioner challenges his present physical custody, the immediate custodian rule "has consistently been applied in this core habeas context within the United States." *Id.* Therefore, the Court concludes that the proper respondent in the present case is Petitioner's immediate physical custodian, [the Warden of the Colorado facility].

*Id.* at 2-3 (quotation omitted). Simply put, this Court respectfully disagrees.

It is really the nature of the relief requested that is central to the inquiry. Although a habeas petition under 25 U.S.C. § 1303 seeks release from both immediate and future custody, it actually attacks the underlying criminal conviction and sentence, and

the release from custody is a consequential result of invalidation of the conviction and sentence, not invalidation of the custody, itself.  Because tribal habeas corpus petitions under the ICRA such as this one filed by Daniel Coriz are in the nature of collateral attacks on the underlying conviction and sentence, rather than a direct  attack on immediate physical custody, they are not "core" proceedings under 28 U.S.C. § 2241.

Indeed, a Section 1303 petition is more akin to collateral habeas attacks on state convictions and sentences under 28 U.S.C. § 2254 and collateral habeas attacks on federal convictions and sentences under 28 U.S.C. § 2255.  When the attack is instead a direct attack on immediate physical custody (like the enemy combatant detention at issue in *Rumsfeld)*, then jurisdiction is proper only in the District of custody and the proper respondent is the person having physical custody.  *Rumsfeld v. Padilla,* 542 U.S. 426, 442-43 (2004).  Where, instead, the attack is a collateral attack on the underlying conviction or sentence, jurisdiction is proper only in the District where the conviction or sentence was imposed and the proper respondent is the government official imposing the conviction or sentence (attorney general of the state for state convictions and sentences and the USA for federal).  *See* Rule 2(b) of the Rules Governing Section 2254 Proceedings and Rule 2 of the Rules Governing Section 2255 Proceedings. If that was not the case, why the necessity to exhaust tribal remedies prior to seeking relief from federal court?[2]

---

[2]   The Indian Civil Rights Act authorizes habeas corpus actions by any person detained to test "the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303.  When presented with a petition for habeas relief pursuant to § 1303, this Court must, in the first instance, determine whether the petitioner has exhausted his tribal remedies.  *Dry v. CFR Court of Indian Offenses for the Choctaw Nation*, 168 F.3d 1207, 1209 (10th Cir. 1999).  The doctrine of tribal exhaustion is a judicially created rule established by the United States Supreme Court in *National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845 (1985) and expanded  in *Iowa Mutual Ins. Co. v. LaPlant*, 480 U.S. 9 (1987).

This Court is not alone in reaching a conclusion contrary to that of Judge Gonzales. Both Chief Judge William "Chip" Johnson and District Judge Judith C. Herrera have found that, for a collateral attack on a tribal conviction or sentence, jurisdiction is proper in the District where the conviction or sentence was imposed and the proper respondent is the tribal official or officials that imposed the conviction or sentence. *See Garcia v. Elwell*, 2017 WL 3172826 (D.N.M. 2017) (Doc. 8 in CIV 17-0333 WJ/GJF) and *Toya v. Casamento*, 2017 WL 3172822 (D.N.M. 2017) (Doc. 9 in CIV 17-0258 JCH/KBM). They, as do I, rely on the Second Circuit's observation that "[t]he important thing is . . . that the petitioner name as respondent someone (or some institution) who has both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit—namely, his unconditional freedom." *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 899-900 (10th Cir. 1996) (quoting *Reimnitz v. State's Attorney of Cook County*, 761 F.2d 405, 408-09 (7th Cir. 1985)). Simply because the Second Circuit make this observation in the context of a petition contesting a tribal order of banishment in no way diminishes its import.

In summary, the Court respectfully disagrees with Judge Gonzales' analysis in the *Cheykaychi* case when he characterized Cheykaychi's habeas petition as one a

---

Under the doctrine, a federal court should, as a matter of comity, require the parties to a lawsuit that implicates tribal interests to first exhaust their remedies in tribal court before pursuing an action in federal court. *Keer-McGee Corp. v. Farley*, 115 F.3d 1498, 1507 (10th Cir. 1997). Tribal courts play a vital role in tribal self-government, and respect for that role requires that examination of tribal issues be conducted first by the tribal court, itself. *Reservation Tel. Co-op. v. Affiliated Tribes*, 76 F.3d 181, 184 (8th Cir. 1996). Absent exceptional circumstances, federal courts are to abstain from hearing cases that challenge tribal court authority until tribal remedies, including tribal appellate review, are exhausted. *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1149 (10th Cir. 2011).

"challeng[ing] his present physical confinement in Colorado" rather than a collateral challenge to his conviction and sentence. **Finding no showing of irreparable harm, the Court hereby recommends denial of Petitioner's Emergency Motion.**

_____
UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**