# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DANIEL E. CORIZ,

    Petitioner,

vs.                                                                                          No. CIV 17-1258 JB/KBM

VICTOR RODRIGUEZ, ACTING WARDEN
Sandoval County Detention Center, Sandoval
County New Mexico,

ROBERT B. CORIZ, TRIBAL COURT
JUDGE and Governor for the Pueblo of Kewa,
and

KEWA PUEBLO (Also known as Santo
Domingo Pueblo),

    Respondents.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Proposed Findings and Recommended

Disposition, filed May 15, 2018 (Doc. 27)("PF&RD"). On May 29, 2018, both Petitioner Daniel

E. Coriz and Respondent Robert B. Coriz filed objections to the PF&RD. See Petitioner Coriz'

Objections to Proposed Findings of Fact and Recommended Disposition [Doc. 27] at 1, filed

May 29, 2018 (Doc. 33)("D. Coriz' Objections"); Respondent Coriz' Objections to Proposed

Findings of Fact and Recommended Disposition, filed May 29, 2018 (Doc. 30)("R. Coriz'

Objections"). The Court will overrule both D. Coriz' Objections and R. Coriz' Objections and

adopt the PF&RD.

## PROCEDURAL BACKGROUND

On December 6, 2017, the Pueblo of Santo Domingo Tribal Court ("Tribal Court")

sentenced D. Coriz to 2,520 days of imprisonment. See Tribal Court Record at 22, filed

February 5, 2018 (Doc. 7-1).  D. Coriz then filed his Petition for Writ of Habeas Corpus Pursuant to 25 U.S.C. § 1303, filed December 22, 2017 (Doc. 1)("Petition").  D. Coriz now moves the Court to grant him immediate release pending review of the Petition's merits.  See Petitioner Daniel E. Coriz's Motion for Immediate Release Pending Daniel E. Coriz's Motion for Immediate Release Pending Review of the Merits of his Petition at 1, filed March 30, 2018 (Doc. 14)("Motion").

The Court referred this case to the Honorable Karen B. Molzen, United States Magistrate Judge of the United States District Court for the District of New Mexico, on April 5, 2018, to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.  See Order of Reference Relating to Prisoner Cases at 1, filed April 5, 2018 (Doc. 16).  Magistrate Judge Molzen held oral argument regarding the Motion on May 3, 2018, see Clerk's Minutes at 1, filed May 4, 2018 (Doc. 26), and issued her PF&RD on May 15, 2018, see PF&RD at 1.  In her PF&RD, Magistrate Judge Molzen recommends denying D. Coriz' Motion.  See PF&RD at 4.  First, she concludes that D. Coriz has not established exceptional circumstances warranting immediate relief.  See PF&RD at 4.  Next, she concludes that the Tribal Court clearly and unambiguously violated at least two 25 U.S.C. § 1302(c) requirements.  See PF&RD at 4-8.  Magistrate Judge Molzen also concludes, however, that D. Coriz' has not established a clear case on the merits warranting immediate release, because further evidence is needed to determine whether D. Coriz exhausted his tribal remedies and whether he waived his 25 U.S.C. § 1302(c) rights.  See PF&RD at 7-8.  She therefore recommended that the Court set an evidentiary hearing regarding exhaustion and waiver of rights so that it can make a determination on those issues.  See PF&RD at 8.

**LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS**

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Prop., with Bldgs., Appurtenances, Improvements, & Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the

filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059.

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act,[1] [the Tenth Circuit], like numerous other circuits, have adopted a firm waiver rule that provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States of America -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports

---

[1]28 U.S.C. §§ 631-639.

accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. *See* S. Rep. No. 94-625, pp. 9–10 (1976)(hereafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or *ruling* on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. *See* Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original) (footnotes omitted).

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to

findings and recommendations.")(citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit notes that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit holds that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b))(citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the Magistrate Judge's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape

recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review.

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v.Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine

independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401, at *3 (D.N.M. Dec. 28, 2012)(Browning, J.). See Alexandre v. Astrue, No. CIV 11-0384, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PF&RD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting that "[t]he Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order and opinion adopting the Magistrate Judge's proposed findings and recommendations.

**LAW REGARDING MOTIONS FOR IMMEDIATE RELEASE**

"An inmate seeking federal habeas relief must, in order to obtain release pending a determination on the merits of his petition, make a showing of exceptional circumstances or demonstrate a clear case on the merits of his habeas petition." United States v. Palermo, 191 F. App'x 812, 813 (10th Cir. 2006)(citing Pfaff v. Wells, 648 F.2d 689, 693 (10th Cir. 1981)). While this standard has not yet been applied in a 25 U.S.C. § 1303 case, it has been applied in analogous cases where "[a]n inmate seek[s] federal habeas relief." United States v. Palermo, 191 F. App'x at 813. The Tenth Circuit has applied the Pfaff v. Wells standard to cases involving habeas petitions under § 2255, see United States v. Palermo, 191 F. App'x at 813; § 2254, see Pfaff v. Wells, 648 F.2d at 690, 693; and § 2241, see Stow v. Perrill, 30 F.3d 142 (10th Cir. 1994)(table decision)). The Court therefore concludes that this standard is persuasive, if not binding.

Most of the Tenth Circuit case law treats the two Pfaff v. Wells requirements as alternatives -- a showing of exceptional circumstances *or* a clear case on the merits. See, e.g., United States v. Zander, 669 F. App'x 955, 956 (10th Cir. 2016); Barnett v. Hargett, 166 F.3d 1220, at *1 (10th Cir. 1999)(table decision). In Vreeland v. Zupan, 644 F. App'x 812, 813 (10th Cir. 2016), however, the Tenth Circuit treated the standard with an "and" instead of an "or," noting that "a motion for release at this late stage required [petitioner] to show not only a clear case on the merits of the habeas petition, but also exceptional circumstances." Vreeland v. Zupan is distinguishable from this case because the court in Vreeland v. Zupan noted that the case was in a "late stage," as the petition for habeas corpus was filed "nearly eight years into a state prison term . . . ." Vreeland v. Zupan, 644 F. App'x at 813. Here, the case is in its early stages, as Petitioner filed his habeas petition within weeks of his conviction and sentencing. See

Petition at 1; Tribal Court Record at 22. The Court will therefore treat the Pfaff v. Wells requirements as alternatives.

**ANALYSIS**

The Court denies R. Coriz' Objections. It also denies D. Coriz' Objections. Accordingly, the Court adopts Magistrate Judge Molzen's PF&RD.

## I. THE COURT OVERRULES R. CORIZ' OBJECTIONS.

R. Coriz "agrees with the recommended disposition in the Proposed Findings of Fact and Recommended Disposition," but he disagrees with some of the PF&RD's "proposed findings of fact and legal conclusions." R. Coriz' Objections at 1. First, R. Coriz argues that the Pfaff v. Wells standard does not apply to motions for immediate release tied to 25 U.S.C. § 1303 petitions. Second, he argues that the Tribal Court did not clearly and unambiguously violate 25 U.S.C. § 1303(c). Neither argument persuades the Court.

### A. THE PFAFF V. WELLS STANDARD APPLIES IN THIS CASE.

R. Coriz argues that the Pfaff standard for release does not take into account "the unique challenges faced by Indian tribes to their criminal jurisdiction over a tribal member." R. Coriz' Objections at 1-2. Specifically, R. Coriz argues that, if the Court releases D. Coriz before the determination of his Petition, D. Coriz could evade the Tribe's jurisdiction and arresting power by going outside the boundaries of Santo Domingo Pueblo. See R. Coriz' Objections at 1-2. R. Coriz therefore requests the Court to consider the Tribe's limited jurisdiction -- and the associated challenges the Tribe faces -- as a factor in denying the Motion. See R. Coriz' Objections at 2.

Pfaff v. Wells involved a 28 U.S.C. § 2254 petitioner who was in Oklahoma's custody and not a 25 U.S.C. § 1303 petitioner challenging a tribal court conviction. See Pfaff v. Wells,

648 F.2d at 690, 693. The Tenth Circuit has applied the Pfaff v. Wells standard outside the 28

U.S.C. § 2254 context to determine whether "[a]n inmate seeking federal habeas relief" can

obtain "release pending a determination on the merits." United States v. Palermo, 191 F. App'x

at 813. Accordingly, the Court concludes that the Pfaff v. Wells standard applies to 25 U.S.C.

§ 1303 petitions. R. Coriz cites no authority, and the Court is not aware of any, that would allow

it to expand the Pfaff v. Wells standard to include an additional factor. The Court therefore

overrules Respondent Coriz's objections on this issue.

## B. THE TRIBAL COURT CLEARLY AND UNAMBIGUOUSLY VIOLATED 25 U.S.C. § 1302(c).

Section 1302(c) imposes requirements that apply "[i]n a criminal proceeding in which an

Indian tribe, in exercising powers of self-government, imposes a total term of imprisonment of

more than 1 year on a defendant." 25 U.S.C. § 1302(c). Magistrate Judge Molzen concludes

that § 1302(c)'s requirements applied to D. Coriz' trial, because the Tribal Court sentenced D.

Coriz to a total prison term of 2,520 days -- 360 days per offense for seven offenses. See

PF&RD at 7. Magistrate Judge Molzen also concludes that D. Coriz' trial did not comply with

25 U.S.C. § 1302(c). See PF&RD at 7 ("[T]he Tribal Court concedes that it did not follow at

least two of the requirements of Section 1302(c).").

R. Coriz objects to these findings. See R. Coriz Objections at 2. He argues that 25

U.S.C. § 1302(a)(7)(D) permits tribal courts to impose "a sentence of one year for any single

offense[,] up to a maximum sentence of nine years" in a single proceeding. R. Coriz' Objections

at 2. According to R. Coriz, § 1302(c) comes into play only when a tribal court sentences a

defendant to a term of imprisonment greater than one year for a single offense. See R. Coriz'

Objections at 4. R. Coriz points to legislative history to support his contention that tribal courts

have the option of conducting proceedings under either § 1302(a) or § 1302(c), depending on the length of the sentence imposed for each offense.  See R. Coriz' Objections at 4-5.  R. Coriz thus concludes that the Tribal Court did not have to satisfy § 1302(c)'s requirements in D. Coriz' trial, because § 1302(a)(7)(D) is not subject to § 1302(c).  See R. Coriz' Objections at 3-5.

R. Coriz' reading of 25 U.S.C. § 1302 is inconsistent with that statute's text.  A complete reading of 25 U.S.C. § 1302 reveals that Section 1302(c) lists requirements a tribal court must meet in addition to those requirements in Section 1302(a); it does not set out an alternative set of requirements.  See 25 U.S.C. § 1302(a)(listing requirements that apply in all cases); id. § 1302(c)(listing requirements that apply only "[i]n a criminal proceeding in which an Indian tribe, in exercising powers of self-government, imposes a total term of imprisonment of more than 1 year on a defendant").  Section 1302(a)(7)(D) sets a hard-and-fast limit on the punishment that a tribal court can impose in a single proceeding -- nine years, see 25 U.S.C. § 1302(a)(7)(D) -- while § 1302(c) lists steps that a tribe must take, e.g., "at the expense of the tribal government, provide an indigent defendant the assistance of a defense attorney," if a tribal court is going to impose a total sentence greater than one year, 25 U.S.C. § 1302(c).  Because this statutory language is unambiguous, resort to legislative history is unnecessary and inappropriate.  See Nat'l Ass'n of Mfrs. v. Dep't of Def., 138 S. Ct. 617, 631 (2018) ("Because the plain language of [the statute] is 'unambiguous,' 'our inquiry begins with the statutory text, and ends there as well.'" (quoting BedRoc Limited, LLC v. United States, 541 U.S. 176, 183 (2004)(Rehnquist, C.J., plurality op.)).

The Tenth Circuit has not addressed this issue, but other courts have done so and reached the same conclusion.  In Johnson v. Tracy, No. CIV 11-01979,  2012 WL 4478801 (D. Ariz. Sept. 28, 2012), the petitioner was sentenced to a total of two years of imprisonment for three

different counts, with each count carrying less than one year imprisonment. See 2012 WL 4478801, at *1. The Arizona District Court held that "Petitioner's 'total' prison term of two years, resulting from a single 'criminal proceeding,' clearly falls within [Section 1302(c)]." 2012 WL 4478801, at *3. Further, the United States Court of Appeals for the Ninth Circuit considered this issue and explained:

> In 2010, Congress rewrote § 1302. Unlike the former version, the amended statute permits up to a three-year term for "any 1 offense" in certain circumstances. 25 U.S.C. § 1302(a)(7)(C), (b) (2011). It also explicitly defines "offense" to mean "a violation of criminal law," *id.* § 1302(e), and permits consecutive sentences up to a cumulative total of nine years, *id.* § 1302(a)(7)(D). However, if a tribal court metes out this enhanced punishment in a single "criminal proceeding," the defendant must receive something akin to a full panoply of procedural rights that would be due a criminal defendant prior to conviction. *Id.* § 1302(c).

Miranda v. Anchondo, 684 F.3d 844, 849 n.4 (9th Cir. 2012). These cases buttress the Court's conclusion that 25 U.S.C. § 1302(c) applied to D. Coriz' trial.

D. Coriz' trial did not satisfy § 1302(c). Under § 1302(c), "the judge presiding over the criminal proceeding" must have "sufficient legal training to preside over criminal proceedings" and be "licensed to practice law by any jurisdiction in the United States." 25 U.S.C. § 1302(c)(3). R. Coriz was the presiding judge at D. Coriz' trial, and he is not an attorney. See Declaration of Robert B. Coriz Under 28 U.S.C. § 1746 ¶ 3, at 2, filed February 5, 2018 (Doc. 7-2)("R. Coriz. Decl.")("Our Tribal Court Judges are not required to be attorneys, and I am not an attorney."); id. ¶ 4, at 2 ("I served as the Judge in the criminal case of Santo Domingo Pueblo v. Daniel E. Coriz, Case No. SDPMR-0117-23 . . . ."). Section 1302(c) requires tribal courts to "maintain a record of the criminal proceeding, including an audio or other recording of the trial proceeding." 25 U.S.C. § 1302(c)(5). The Tribal Court in this case, however, "does not

record or make transcripts of its proceedings." R. Coriz Decl. ¶ 3, at 2. Consequently, the Court

concludes that the Tribal Court violated 25 U.S.C. § 1302(c) and overrules R. Coriz' Objections.

## II.     THE COURT DENIES D. CORIZ' OBJECTIONS.

D. Coriz agrees with the PF&RD insofar as it concludes that the Pfaff v. Wells standard

applies and the Tribal Court violated 25 U.S.C. § 1302(c). See D. Coriz' Objections at 3-4. D.

Coriz disagrees, however, with Magistrate Judge Molzen's determination that D. Coriz has not

established a clear case on the merits and her recommendation to deny the Motion. See D.

Coriz' Objections at 4.

### A.     D. CORIZ FAILS TO DEMONSTRATE A CLEAR CASE ON THE MERITS, BECAUSE MORE INFORMATION IS NEEDED ON EXHAUSTION AND WAIVER OF RIGHTS.

First, D. Coriz asserts that he has established a clear case on the merits that warrants

immediate release based on the Tribal Court's violations of 25 U.S.C. § 1302(c) and 25 U.S.C.

§ 1302(a). See D. Coriz' Objections 6-12. As discussed above, the Court agrees that the Tribal

Court clearly violated at least two § 1302(c) requirements by failing to have a law-trained judge

preside over the trial and by failing to record the proceeding. See 25 U.S.C. §

1302(c)(3)(A), (5). While D. Coriz is correct that "additional facts will not cure the ICRA

violations on the record," D. Coriz' Objections at 12, he has not established a clear case on the

merits because the Court must also determine whether D. Coriz exhausted his Tribal Court

remedies and whether he waived any of his rights.

Before bringing a habeas petition to federal court under 25 U.S.C. § 1303, a petitioner

must exhaust Tribal Court remedies. Valenzuela v. Silversmith, 699 F.3d 1199, 1206-07 (10th

Cir. 2012). Exhaustion is not required where "(1) an assertion of tribal jurisdiction is motivated

by a desire to harass or is conducted in bad faith, (2) the action is patently violative of express

jurisdiction prohibitions, or (3) exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." Valenzuela v. Silversmith, 699 F.3d at 1206-07.

In her PF&RD, Magistrate Judge Molzen concludes that "there are remaining issues that must be addressed at an evidentiary hearing." PF&RD at 8. Specifically, additional evidence is needed "to determine whether Petitioner failed to exhaust any tribal court remedies or if exhaustion was futile." PF&RD at 8. D. Coriz objects to the PF&RD, arguing that exhaustion would be futile, because "the Tribal Court did not provide Petitioner Coriz with an adequate opportunity to challenge the Tribe's ruling because the Tribe's appellate body and appellate procedure is non-existent." D. Coriz' Objections at 14. He also disagrees with Magistrate Judge Molzen's recommendation to set an evidentiary hearing. See D. Coriz' Objections at 12.

There is case law that may support Petitioner Coriz's position that exhaustion would be futile. See, e.g., Necklace v. Tribal Court of Three Affiliated Tribes of Fort Berthold Reservation, 554 F.2d 845, 846 (8th Cir. 1977)(holding that, in the absence of formal habeas procedures, the petitioner was not required to exhaust informal tribal remedies); Wounded Knee v. Andera, 416 F. Supp. 1236, 1239 (D.S.D. 1976)(Bogue, J.)("If a tribal remedy in theory is non-existent in fact or at best inadequate, it might not need to be exhausted."). It is not clear from the record currently before the Court, however, whether the Santo Domingo Tribal Court has formal procedures of appeal that exist more than just in theory. Specifically, D. Coriz signed an Advisement of Rights that included the statement, "I understand that I may appeal my conviction, but must do so within 7 days of my conviction." Tribal Court Record at 4. It is not clear, however, what that appeal process is. In fact, D. Coriz stated that the appeal process is not written, but is part of the Tribe's traditions and customs. See Transcript of Hearing at 34:9-14

- 16 -

(Kiersnowski)(taken May 3, 2018), filed May 29, 2018 (Doc. 29). Because the current record omits the details of the appeal process and whether appeal would be futile, the Court agrees with Magistrate Judge Molzen that D. Coriz has not presented a clear case on the merits. The Court therefore overrules D. Coriz's Objections and adopts the recommendation to set an evidentiary hearing.

Next, Magistrate Judge Molzen found that "up to 360 days of Petitioner's total term is presumptively valid if, as some evidence indicates, Petitioner waived his right to counsel at the traditional trial." PF&RD at 8. Judge Molzen reasoned that,

> [u]nder Section 1302(a)(7)(B), the Tribal Court is authorized to impose a sentence up to one year for any one offense without providing the rights listed in Section 1302(c). Here, Petitioner was convicted of seven counts and sentenced to 360 days imprisonment for each individual count. [Tribal Court Record] at 23. Had the Tribal Court only charged one of those offenses in a criminal proceeding, it would not have been in violation of Section 1302(c).

PF&RD at 8. D. Coriz objects to this finding, arguing that the Tribal Court also violated § 1302(a)(6) and § 1302(a)(1) by denying D. Coriz a continuance in which to obtain an attorney, a public trial, a jury trial, and the right to have compulsory process for obtaining witnesses in his favor. See D. Coriz' Objections at 7-12. While D. Coriz asserts there was no waiver, see D. Coriz' Objections at 12, the Respondents counter that "as trial began, defendant Coriz requested a 'traditional trial' with no attorneys and no non-tribal members present." Answer to Petition at 5, filed February 5, 2018 (Doc. 7). Because of this uncertainty, Magistrate Judge Molzen correctly recommends setting an evidentiary hearing to determine if D. Coriz waived any rights, under § 1302(a) or § 1302(c), by requesting a traditional trial.

**B.  D. CORIZ HAS NOT DEMONSTRATED EXCEPTIONAL CIRCUMSTANCES.**

Last, D. Coriz objects to Magistrate Judge Molzen's finding that he has not demonstrated exceptional circumstances warranting immediate relief.  <u>See</u> D. Coriz' Objections at 16-18.  The Tenth Circuit has held that exceptional or "special circumstances include the raising of substantial claims upon which appellant has a high probability of success, a serious deterioration of health while incarcerated, and unusual delay in the appeal process." <u>Barnett v. Hargett</u>, 166 F.3d at *1 (citations omitted).  <u>But</u> <u>see</u> <u>United States v. Palermo</u>, 191 F. App'x at 813 ("Although [petitioner] asserts he is suffering from various health problems, has endured significant delay in the district court's processing of his § 2255 motion, and is on the verge of being transferred from prison to a halfway house, none of these assertions constitute exceptional circumstances.").

D. Coriz argues that he has demonstrated all of the factors listed in <u>Barnett v. Hargett</u>. <u>See</u> D. Coriz' Objections at 17-18.  The Court, however, agrees with Magistrate Judge Molzen that D. Coriz has not demonstrated exceptional circumstances. First, as discussed above, D. Coriz has not established a high probability of success, because exhaustion and waiver of rights must be addressed.  Next, D. Coriz has not shown a serious deterioration of health while incarcerated.  Although Petitioner Coriz asserts that he cannot provide for his family, including care for a young daughter and his elderly parents, <u>see</u> D. Coriz' Objections at 17-18, D. Coriz and his family are suffering the same stressors accompanying any conviction and incarceration.

Finally, D. Coriz asserts that he has experienced an unusual delay in the appeal process. <u>See</u> D. Coriz' Objections at 18.  His only support for this proposition is that his Petition has been pending for months.  <u>See</u> D. Coriz' Objections at 18.  While it is true that the Petition has been pending for months, the case has been progressing in a very timely manner, and D. Coriz has not

experienced any unusual delays.  D. Coriz filed his Petition on December 22, 2017.  See Petition

at 1.  By January 5, 2018, the Court had reviewed the Petition, determined it was not subject to

summary dismissal, and ordered Respondent Coriz to answer.  See Order to Answer at 1, filed

January 5, 2018 (Doc. 5).   The Respondents answered on February 5, 2018, see Answer to

Petition at 1, and D. Coriz filed a reply on March 9, 2018, see Petitioner Daniel E. Coriz's Reply

to Respondent Coriz's Answer at 1, filed March 9, 2018 (Doc. 11).  Petitioner Coriz then filed

his Motion on March 30, 2018, see Motion at 1, and the Court set it for a hearing on May 3,

2018, see Notice of Hearing at 1, filed April 12, 2018 (Doc. 18). Magistrate Judge Molzen

entered her PF&RD on May 15, 2018 and the Court now addresses the objections to it.  Simply

put, D. Coriz has not demonstrated an unusual delay or any other any exceptional circumstances

that warrant his immediate release.  The Court therefore overrules D. Coriz' Objections.

  **IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended

Disposition, filed May 10, 2018 (Doc. 27), is adopted; (ii) Petitioner Daniel Coriz's Motion for

Immediate Release Pending Review of the Merits of his Petition (Doc. 14), is denied; and (iii)

the Magistrate Judge shall set an evidentiary hearing to address the issues of exhaustion and

waiver of rights and any other relevant issues.

                    _____
                    UNITED STATES DISTRICT JUDGE

*Counsel:*

Barbara Louise Creel
University of New Mexico School of Law
Southwest Indian Law Clinic
Albuquerque, New Mexico

  *Attorneys for the Petitioner*

Heather Renee Smallwood
Sandoval County
Bernalillo, New Mexico

*Attorney for Respondent Victor Rodriguez*

Cynthia A. Kiersnowski
Leger Law & Strategy, LLC
Santa Fe, New Mexico

*Attorneys for Respondent Robert B. Coriz*