# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DANIEL E. CORIZ,

    Petitioner,

vs.                                                                  No. CIV 17-1258 JB\KBM

VICTOR RODRIGUEZ, ACTING WARDEN
Sandoval County Detention Center, Sandoval
County New Mexico,

ROBERT B. CORIZ, TRIBAL COURT
JUDGE and Governor for the Pueblo of Kewa,
and

KEWA PUEBLO (Also known as Santo
Domingo Pueblo),

    Respondents.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge Molzen's Proposed Findings and Recommended Disposition on Petitioner's Motion to Substitute the Current Governor as the Successive Officer in the Above-Captioned Case, filed June 7, 2018 (Doc. 34)("PFRD"). On June 21, 2018, Petitioner Daniel E. Coriz filed objections to the PFRD. See Petitioner Coriz's Objections to Proposed Finds of Fact and Recommended Disposition (Doc. 36)("Objections"). The Court will overrule the Objections and adopt the PFRD.

## PROCEDURAL BACKGROUND

D. Coriz filed his Petition for Writ of Habeas Corpus Pursuant to 25 U.S.C. § 1303, filed December 22, 2017 (Doc. 1)("Petition"), which names Respondent Robert B. Coriz, in both his official capacity as Tribal Court Judge and Governor of the Kewa Pueblo, as a Respondent. See

Petition at 1.  R. Coriz is no longer the Governor of the Kewa Pueblo, and D. Coriz now wishes to substitute the current Governor, Thomas Moquino, Jr., as a Respondent.  See Motion to Substitute the Current Governor as the Successive Officer in the Above-Captioned Case at 1, filed May 1, 2018 (Doc. 25)("Motion").

The Court referred this case to the Honorable Karen B. Molzen, United States Magistrate Judge for the United States District Court for the District of New Mexico, on April 5, 2018, to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.  See Order of Reference Relating to Prisoner Cases at 1, filed April 5, 2018 (Doc. 16).  Magistrate Judge Molzen issued her PFRD on June 7, 2018 in which she recommends granting the Motion in part and denying it in part.  See PFRD at 4.  She recommends that: (i) the Court substitute Moquino, in his official capacity as Governor of the Kewa Pueblo, in place of R. Coriz, in his official capacity as Governor of the Kewa Pueblo; (ii) R. Coriz remain a respondent in his official capacity as Tribal Court Judge; and (iii) the Court dismiss Respondent Kewa Pueblo.  See PFRD at 4.

### LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge

may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate [judge's] report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Prop., with Bldgs., Appurtenances, Improvements, & Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059.

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act,[1] [the Tenth Circuit], like numerous other circuits, have adopted a firm waiver rule that provides that the failure to make timely objections to the magistrate [judge's] findings or recommendations waives appellate review of both factual and legal questions." One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in

---

[1] 28 U.S.C. § 631-636.

objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate [judge]." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).

In One Parcel, the Tenth Circuit, in accord with other courts of appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States of America -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. *See* S. Rep. No. 94-625, pp. 9–10 (1976)(hereafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or *ruling* on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. S ee id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the

> magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. *See* Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150–52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate [judge's] order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but the Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo*

- 5 -

determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate [judge's] proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b))(citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the Magistrate Judge's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate [judge's] factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet 28 U.S.C. § 636(b)(1)'s requirements when it indicates that it gave "considerable deference to the magistrate [judge's] order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly

considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate [judge] to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate [judge's] proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the

magistrate judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the Plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. See 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401, at *3 (D.N.M. Dec. 28, 2012) (Browning, J.). See Alexandre v. Astrue, No. CIV 11-0384, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PF&RD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting that "[t]he Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is

no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate [judge's] report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order and opinion adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

In his Objections, D. Coriz agrees that the Court should substitute Moquino, in his official capacity as Governor of the Kewa Pueblo, for R. Coriz, in his official capacity as Governor of the Kewa Pueblo. See Objections at 1. He does not object to Magistrate Judge Molzen's recommendation that R. Coriz remain a Respondent in his official capacity as Tribal Court Judge. D. Coriz objects, however, to the dismissal of Kewa Pueblo.

**I.      THE COURT DISMISSES KEWA PUELBLO.**

D. Coriz objects to the dismissal of Kewa Pueblo, asserting that "[t]he Magistrate[2] cites to Santa Clara Pueblo v. Martinez, 436 U.S. 49, 54 (1978) for the proposition that the Tribe is immune from suit." Objections at 2. D. Coriz then spends the rest of his Objections distinguishing the case at hand from Santa Clara Pueblo v. Martinez and argues that "Santa Clara

---

[2]A December 1, 1990 Act of Congress changed the title of federal Magistrate Judges from "Magistrate" to "Magistrate Judge." Thus, although some state courts, including the State of New Mexico's courts, have judicial officers called a "magistrate," the proper way to address and refer to federal Article I judges, such as Magistrate Judge Molzen, is "United States Magistrate Judge."

does not foreclose the possibility that a tribe cannot be held accountable in a request for habeas relief, beyond naming the tribal officials." Objections at 2.

Contrary to D. Coriz' assertions, Magistrate Judge Molzen never cited Santa Clara Pueblo v. Martinez. Rather, she correctly cited Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d 874 (2d Cir. 1996) for the proposition that "[a]n application for writ of habeas corpus is never viewed as a suit against the sovereign," and "§ 1303 does not signal congressional abrogation of tribal sovereign immunity, *even in habeas cases*." 85 F.3d at 899-900 (emphasis added). D. Coriz argues that the question presented in his motion is "whether the grant of Writ of Habeas Corpus under 25 U.S.C. § 1303 provides for suit against a tribe as a sovereign." Objections at 2. Poodry v. Tonawanda Band of Seneca Indians explicitly answers that § 1303 does not. Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d at 899 ("Because a petition for writ of habeas corpus is not properly a suit against the sovereign, [the tribe] is simply not a proper respondent."). In fact, other judges in the District of New Mexico have dismissed Kewa Pueblo from § 1303 habeas proceedings, citing Poodry v. Tonawanda Band of Seneca Indians. See, e.g., Aguilar v. Rodriguez, Order Dismissing Kewa Pueblo and Ordering Remaining Defendants to Answer, No. CIV 17-1264 (D.N.M. Jan. 10, 2018); Van Pelt v. Geisen, Order Dismissing Kewa Pueblo and Directing Respondents to Answer, No. CIV 17-0647 (D.N.M. June 22, 2017). The Court therefore agrees with Magistrate Judge Molzen that Kewa Pueblo should be dismissed.

## II.   **THE COURT WILL SUBSTITUE TRIBAL OFFICERS.**

Having conducted a review of the rest of Magistrate Judge Molzen's PFRD, the Court agrees that it should substitute Moquino, in his official capacity as Governor of the Kewa Pueblo, as a Respondent in place of R. Coriz, in his official capacity as Governor of the Kewa

Pueblo, but that R. Coriz should remain a Respondent in his official capacity as Tribal Court Judge. Tribal sovereign immunity does not bar "actions against tribal officers for writs of habeas corpus." Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d at 899-900. Rule 25(d) of the Federal Rules of Civil Procedure provides that "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending." Fed. R. Civ. P. 25(d). Instead, the "officer's successor is automatically substituted as a party," and the "Court may order substitution at any time, but the absence of such an order does not affect the substitution." Fed. R. Civ. P. 25(d). "In general [rule 25(d)] will apply whenever effective relief would call for corrective behavior by the one then having official status and power, rather than one who has lost that status and power through ceasing to hold office." Fed. R. Civ. P 25(d) advisory committee's note to 1961 amendment. The proper respondent, therefore, is "the official with authority to modify the tribal conviction or sentence." Garcia v. Elwell, No. CIV 17-0333, 2017 WL 3172826, at *2 (D.N.M. May 25, 2017)(citing Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d at 899-900).

Here, it appears that both the Governor of the Kewa Pueblo and the Tribal Court Judge are appropriate Respondents, because they both have authority to provide D. Coriz' requested relief. See Trial Court Record at 22, filed February 5, 2018 (Doc. 7-1)(committing D. Coriz to the custody of the Sandoval County Detention Facility "until his release shall be ordered by the Governor or Judge of this Pueblo"). It is undisputed that R. Coriz is no longer Governor of the Kewa Pueblo and that Moquino now holds the office of Governor of the Kewa Pueblo. See Response to Motion to Substitute at 2, filed May 15, 2018 (Doc. 28)("Response"). Under rule 25(d), Moquino in his official capacity as Governor of the Kewa Pueblo, is therefore substituted as a Respondent in place of R. Coriz, in his official capacity as Governor of the Kewa Pueblo.

While R. Coriz is no longer Governor of the Kewa Pueblo, however, he has "been appointed to serve as the Tribal Court Judge in any further proceedings against Petitioner." Response at 2. Accordingly, his official capacity as Tribal Court Judge in this case has not ended.

**IT IS ORDERED** that: (i) Magistrate Judge Molzen's Proposed Findings and Recommended Disposition on Petitioner's Motion to Substitute the Current Governor as the Successive Officer in the Above-Captioned Case, filed June 7, 2018 (Doc. 34), is adopted; (ii) Thomas Moquino, Jr., in his official capacity as Governor of the Kewa Pueblo, is substituted as a Respondent in place of Robert B. Coriz, in his official capacity as Governor of the Kewa Pueblo; (iii) Robert B. Coriz remains a Respondent in his official capacity as Tribal Court Judge; and (iv) Respondent Kewa Pueblo is dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Barbara Louise Creel
University of New Mexico School of Law
Southwest Indian Law Clinic
Albuquerque, New Mexico

    *Attorneys for the Petitioner*

Heather Renee Smallwood
Sandoval County
Bernalillo, New Mexico

    *Attorney for Respondent Victor Rodriguez*

Cynthia A. Kiersnowski
Leger Law & Strategy, LLC
Santa Fe, New Mexico

    *Attorneys for Respondent Robert B. Coriz*