IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL E. CORIZ,

    Petitioner,

v.                                                          CIV 17-1258 JB/KBM

VICTOR RODRIGUEZ, ACTING WARDEN
Sandoval County Detention Center,
Sandoval County New Mexico,

ROBERT B. CORIZ, in his official
capacity as Tribal Court Judge, and

THOMAS MOQUINO, JR.,
in his official capacity as Governor
of the Kewa Pueblo,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND ORDER GRANTING STAY OF DISCOVERY

THIS MATTER comes before the Court on Respondent Coriz's Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 25 U.S.C. § 1303 as Moot and to Vacate Pending Hearing and Discovery Requests as Moot; and Request for Expediated Briefing and Review, filed October 18, 2018 (*Doc. 51*), Respondent Coriz's Motion to Extend Discovery Deadline and Delay Pending Evidentiary Hearing, filed October 24, 2018 (*Doc. 53*), and Petitioner's Motion to Supplement the Writ of Habeas Corpus Petition, filed November 5, 2018 (*Doc. 63*). The Honorable James O. Browning referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition

of the case. *Doc. 16*. Having reviewed the submissions of the parties and the relevant law and having conducted oral arguments, the Court recommends granting the Motion to Dismiss (*Doc. 51*), denying the Motion to Supplement (*Doc. 63*), and dismissing the Petition for Writ of Habeas Corpus Pursuant to 25 U.S.C. § 1303 (*Doc. 1*) as moot. The Court also grants the Motion to Extend Discovery Deadline (*Doc. 53*) thereby staying discovery and any evidentiary hearing pending a ruling by the presiding judge on the Motion to Dismiss and disposition as to this Proposed Findings and Recommended Disposition ("PF&RD").

**I.     Background**

Daniel Coriz ("Petitioner") is the former Governor of the Pueblo of Santo Domingo who was charged with 13 counts of larceny, fraud, and conspiracy. *Doc. 7-1* at 9-11. On December 6, 2017, the Tribal Court for the Pueblo of Santo Domingo ("Tribal Court") found Petitioner guilty on 7 of the 13 counts, imposing a fine totaling $10,430.90 and sentencing him to a jail term of 2520 days. *Id.* at 1. Petitioner then filed the instant federal Petition for Writ of Habeas Corpus Under the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1303 ("Petition"). *Doc 1*.

In a previous decision, Judge Browning held that Section 1302(c) of ICRA applies in this case because the Tribal Court imposed on Petitioner a *total sentence* of imprisonment of more than one year in one criminal proceeding. *Doc. 40* at 12-15. He further held that the Tribal Court failed to meet at least two of the requirements of Section 1302(c) during the criminal proceeding. *Id.* at 14. Specifically, Section 1302(c)(3)(B) requires that the tribe's presiding judge be "licensed to practice law by any jurisdiction in the United States," and Respondent Coriz acknowledged that he was

2

the presiding judge and that he is not an attorney. *Doc. 7-2* at 2. Additionally, Section 1302(c)(5) requires the tribal court to "maintain a record of the criminal proceeding, including an audio or other recording of the trial proceeding." Again, Respondent Coriz acknowledged that "[t]he Tribal Court does not record or make transcripts of its proceedings." *Id.* Although Judge Browning found that the criminal proceeding included at least two violations of Section 1302(c), he agreed with me that an evidentiary hearing was necessary on the issues of exhaustion and waiver of rights before the merits of the Petition could be addressed. *Doc. 27* at 8; *Doc. 40* at 19. The Court therefore set an evidentiary hearing for November 5, 2018. *Doc. 48*.

In a new development, however, the Tribal Court issued an October 18, 2018 Amended Order vacating Petitioner's December 6, 2017 convictions and sentence but noting that it would allow retrial of those charges, subject to the prohibition against double jeopardy, if the Tribe's Independent Special Prosecutor chooses to refile any of those charges. *Doc. 51-1*. Although the Amended Order released Petitioner from custody on the vacated convictions, *see id.,* Petitioner remains in custody pursuant to an October 8, 2018 Order of Tribal Court Judge Tenorio ordering pretrial detention of Petitioner Daniel Coriz on a newly filed charge of embezzlement. *Docs. 51-2*.

Respondent Coriz then moved to dismiss the Petition as moot, to vacate or delay the pending evidentiary hearing, and to vacate or stay the deadline for responding to discovery. Petitioner Coriz opposes all these requests and moves to supplement his Petition. The Court chose to vacate the evidentiary portion of the November 5, 2018 hearing and instead hear oral arguments on the Motion to Dismiss. The Court also stayed discovery pending its ruling on the Motion to Extend Discovery deadlines.

3

II. Analysis

Petitioner Coriz first argues that the Amended Order is deficient because former Governor Robert B. Coriz issued it. Petitioner explains that, based on his knowledge and experience, "a former Governor does not have the power to act outside his appointment or administrative duties." *Doc. 61-2*, ¶ 7. However, this Court recently found that while Respondent Coriz is no longer Governor, he has been appointed to serve as the Tribal Court Judge in any further proceedings against Petitioner. *See Doc. 65.* As such, he acted in his official capacity as Tribal Court Judge when he issued the Amended Order.

With the Tribal Court's Amended Order Vacating Convictions and Sentence in place, Respondent Coriz requests that the Court dismiss the underlying Petition for Writ of Habeas Corpus because Petitioner "has been granted all the relief available to him under [ICRA], and the Petition is, therefore, moot." *Doc. 51*, ¶ 2. Indeed, for this Court to have jurisdiction over this matter, it must be a live case or controversy, as described in Article III of the U.S. Constitution. *See United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018). For a case or controversy to exist "a plaintiff must show a 'personal stake' in the outcome of the action," thereby limiting federal review to cases with "actual and concrete disputes, the resolution of which have direct consequences on the parties involved." *Id.* (citing *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013)). Once a case or controversy no longer exists, the matter becomes moot and the federal court must dismiss the action for want of jurisdiction. *See Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011). "[T]he constitutional mootness doctrine focuses upon whether a definite controversy exists through the litigation and whether conclusive relief

may still be conferred by the court despite the lapse of time and any change of circumstances that may have occurred since the commencement of the action." *Id.* at 1024.

Here, the underlying Petition challenges the validity of Petitioner's 2017 convictions. The Tribal Court has now vacated those convictions. Accordingly, "events outside the litigation make relief impossible" because Petitioner had already been granted his requested relief. *Id.* Similarly, in *Cumbo v. Eyman*, 409 F.2d 400, 400 (9th Cir. 1969), the Ninth Circuit found a habeas petition moot when the trial court vacated the petitioner's conviction. Likewise, the Tenth Circuit upheld a district court's denial of habeas relief when "the conditions giving rise to [the petitioner's] habeas petition no longer existed." *Fuller v. Green*, 112 F. App'x 724, 725 (10th Cir. 2004).

Petitioner Coriz nevertheless disputes that his Petition is moot because, first, he may be retried for the 2017 charges, and second, because he is currently being held in pretrial detention on a new 2018 charge. As discussed below, the undersigned disagrees and recommends that Judge Browning find that Petitioner is not entitled to any further relief under his current Petition, and that his Petition is therefore moot.

   a. **The 2017 charges**

Petitioner argues that his current Petition is not moot because the Amended Order left open the possibility that the Tribe's Independent Special Prosecutor may retry him for the 2017 charges. The undersigned disagrees.

A "writ of habeas corpus does not generally bar a retrial of the petitioner on the charges underlying his defective conviction." *Capps v. Sullivan*, 13 F.3d 350, 352 (10th Cir. 1993). Rather, "[t]he effect of the writ is to vacate the conviction and release

5

the petitioner from custody." *Id*. Discussing a petition for habeas corpus under Section 2254, the Sixth Circuit explained that habeas power to release a petitioner "is not a power to release him forever from the underlying charge. It is the power, instead, only to release him from custody pursuant to the unconstitutional judgment." *Eddleman v. McKee*, 586 F.3d 409, 413 (6th Cir. 2009). Here, the Tribal Court vacated Petitioner's 2017 convictions and sentence, thereby releasing him from the unconstitutional judgment. And while the Tribal Court may have vacated the convictions "to avoid a reversal of the underlying convictions by this Court[,]" (*Doc. 54* at 12), the outcome is the same as if the Court had granted the Petition: Petitioner's unconstitutional convictions have been vacated and he has been released from custody on those convictions. However, the Tribe may choose to retry him on the vacated charges if it does so in a manner consistent with federal law and the Constitution.

Here, the Tribe has not said it will retry Petitioner – the Amended Order only indicates that it <u>may</u> do so in the discretion of its special prosecutor. This Court cannot speculate whether retrial will happen and if those retrials will implicate violations of ICRA. The mere possibility of a future retrial that could involve violations of ICRA is not enough to overcome mootness. *See Sanchez-Gomez*, 138 S.Ct. at 1541 (holding that the possibility that a defendant will commit another crime is not enough to satisfy the case or controversy requirement.). In *Sanchez-Gomez*, the Supreme Court acknowledged circumstances where possible future violations may sustain a live case or controversy based on "the litigant's inability, for reasons beyond their control, to prevent themselves from transgressing and avoid recurrence of the challenged conduct." *Id.* at 1542. Here, Petitioner Coriz has not shown that, for reasons beyond the

6

Tribal Court's control, it will be unable to follow ICRA in future proceedings. To the contrary, the Tribal Court has vacated Petitioner's convictions in recognition that "[t]he traditional customs and practice of the Tribal Court do not meet the heightened procedural requirements of ICRA." *Doc. 51-1* at 1. The Tribal Court's Amended Order specifically notes that "under Judge Browning's ruling, the Tribal Court is limited by ICRA to imposing no more than a one-year sentence in each criminal proceeding." *Id.* The Tribal Court has simply authorized its special prosecutor, if he chooses to do so, to retry Petitioner with the understanding that such proceedings must meet ICRA requirements and comply with the federal Constitution's prohibition against double jeopardy.

A matter that is otherwise moot may still be a live case or controversy if "it falls within a special category of disputes that are capable of repetition, while evading review." *Turner v. Rogers*, 564 U.S. 431, 439-40 (2011) (citation omitted). The Amended Order notes that any retrial of the 2017 charges will occur each "in a separate criminal trial and subject to a sentence of up to one year for each charge." *Doc. 51-1* at 2. Petitioner appears to argue that because a year sentence is too short a time for a habeas petition to be fully adjudicated, any new sentence Petitioner may receive fall under the exception of capable of repetition yet evading review. However, Petitioner's argument rests on the conclusion that he will be retried, that his retrial will include ICRA violations, and because he will only be sentenced to less than one year, that his sentence will end before habeas review can take place. As explained above, this argument is purely speculative and must fail. The mere possibility of a future violation is insufficient to maintain a live case or controversy.

7

Finally, Petitioner asserts that this matter is not moot because the Court should bar retrial or limit the time during which the Tribe can retry him. A court does "have the authority to dispose of habeas corpus matters as 'law and justice requires.'" *Capps*, 13 F.3d at 352 (quoting 28 U.S.C. § 2243). Section 2243 "vests the federal court with 'the largest power to control and direct the form of judgment to be entered in cases brought on habeas corpus.'" *Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)). "It is a power necessary to protect the purpose of habeas corpus jurisdiction when the error forming the basis for the relief cannot be corrected in further proceedings." *Id.* This power allows the district court to "grant any form of relief necessary, including permanent discharge." *Id.*

Yet, courts can only apply this power in some circumstances. *See id.*; *D'Ambrosio v. Bagley*, 656 F.3d 379, 383 (6th Cir. 2011). "In general, the constitutional violation must be such that it cannot be remedied by another trial, or other exceptional circumstances exist such that the holding of a new trial would be unjust." *Capps*, 13 F.3d at 352. For example, in *Capps*, the Tenth Circuit held that "when a trial would violate the Double Jeopardy Clause of the Fifth Amendment, barring the trial may be the only remedy for the violation." *Id.*

Petitioner contends that double jeopardy likewise applies here to bar retrial. Petitioner asserts that because the Tribal Court vacated the convictions before this federal court could rule on his Petition, it is attempting to submit him to multiple future prosecutions on the same charges in violation of the Double Jeopardy Clause. Petitioner cites to many cases discussing "governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed

8

by multiple prosecutions." *Doc. 54* at 12. Indeed, the Double Jeopardy Clause may bar a retrial "where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial" to allow the prosecutor another attempt at convicting the defendant. *Oregon v. Kennedy*, 456 U.S. 667, 676 (1982).

However, that is not the circumstance here. In this case, the special prosecutor successfully convicted Petitioner. After this Court found violations of ICRA, the Tribal Court then voluntarily vacated the problematic convictions and sentence while leaving open the possibility of retrial in compliance with the dictates of ICRA. And "the Supreme Court has long held that the Double Jeopardy Clause does not prohibit the government from seeking a new trial when the defendant's conviction is reversed because of a trial error unrelated to the question of guilt or innocence." *United States v. Bergman*, 746 F.3d 1128, 1132 (10th Cir. 2014).

Petitioner also has not shown any extraordinary circumstances which would warrant this Court barring retrial. For example, in *D'Ambrosio*, the Sixth Circuit upheld a district court order barring retrial after the prosecutors failed to comply with the court's conditional writ requiring retrial within 180 days and the state's key witness died before retrial. 656 F.3d at 383.[1] There is no evidence of such extraordinary circumstances existing here.

Finally, Petitioner has not established circumstances such that the Court should set a time limit during which Petitioner must be retried for the 2017 charges. A court that

---

[1] In *D'Ambrosio*, the district court found extraordinary circumstances that warranted barring retrial. 656 F.3d at 383. On appeal, the warden challenged the district court's jurisdiction to make such a determination and the Sixth Circuit held that the district court did have jurisdiction to bar retrial. *Id.* However, the Sixth Circuit did not address the finding of extraordinary circumstances because the warden did not challenge the merits of that determination. *Id.* at 389 n.11, 390.

grants a habeas petition may set a time limit during which retrial must take place. "In fact, rather than barring a new trial, the district court normally should facilitate it by suspending the writ for a time reasonably calculated to provide the state an adequate opportunity to conduct the new trial." *Capps*, 13 F.3d at 352. However, a court typically only sets a time limit for retrial if it grants a conditional writ, meaning the petitioner remains confined while retrial is pending. *See, e.g.*, *id.* at 351 (district court granted a writ of habeas corpus and ordered petitioner's release from custody unless he was retried in 90 days); *Burton v. Johnson*, 975 F.2d 690, 691 (10th Cir. 1992) (same); *D'Ambrosio*, 656 F.3d at 381 (district court granted a conditional writ, requiring the state to set aside the petitioner's convictions and sentences or conduct another trial with 180 days). Here, Petitioner has not been granted a conditional writ. Rather, the Tribal Court vacated his convictions and sentence and released him from custody. Because he is not in custody pending retrial on the 2017 vacated convictions,[2] the undersigned finds no need to set a time limit on when, if at all, retrial of the 2017 charges must occur.

   b. **The 2018 embezzlement charge**

Petitioner also asserts that his current Petition is not moot because he is still being held in detention. Again, the undersigned disagrees. Petitioner is no longer being held in custody for the 2017 convictions. *See Doc. 51-1*. He is now being held in pre-trial detention, pending trial on a new charge of embezzlement filed in 2018. *See Doc. 51-2*. Petitioner contends this attempt to change his status from "in custody" to "in pre-trial detention" is evidence of the Tribal Court's bad faith attempt to evade federal review. He points to a date of April 18, 2018 on a tribal document referring to the new

---

[2] Petitioner Coriz is still in custody, but on a new unrelated charge as discussed below.

10

embezzlement charge. *See Doc. 51-2*. The Tribal Court did not actually arraign him until October 8, 2018, however. *Id*. To Petitioner, these dates show that the Tribal Court had the new charge ready in April but waited to arraign him until after this Court issued its order on August 31, 2018 finding violations of ICRA in the 2017 trial (*Doc. 40*) in an effort to keep him in custody. Even if the Tribal Court did hold the new charge, Petitioner points to no legal authority forbidding such a practice.

Petitioner also argues that the new charge gives rise to further ICRA violations, such as denial of bail and double jeopardy. He therefore requests leave of the Court to amend his Petition to add those violations.[3] However, any issues arising from the current charge must be exhausted with the Tribal Court before they can be addressed by the federal court. While 25 U.S.C. § 1303 does not state that a petitioner must exhaust his claims before litigating them in federal court, "[f]ederal courts have recognized . . . a non-statutory exhaustion requirement that generally applies to challenges to tribal court authority." *Valenzuela v. Silversmith*, 699 F.3d 1199, 1205-06 (10th Cir. 2012). "The tribal exhaustion rule 'provides that, absent exceptional circumstances, federal courts typically should abstain from hearing cases that challenge tribal court [authority] until tribal court remedies, including tribal appellate review, are exhausted.'" *Id.* at 1206 (quoting *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1149 (10th Cir. 2011)). However, exhaustion is not required where "(1) an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, (2) the action is patently violative of express jurisdiction prohibitions, or (3) exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's

---

[3] Petitioner makes his request to amend the Petition in both his response to the Motion to Dismiss and in a separate Motion to Supplement. *Docs. 54, 63*.

jurisdiction." *Id.* at 1207. Petitioner has not shown that he has exhausted his Tribal Court remedies for any issues arising from his 2018 charge, nor that his failure to exhaust is excused by one of the exhaustion exceptions.

Petitioner cites multiple cases to argue that "habeas is the correct remedy for challenging unlawful pretrial detention." *Doc. 54* at 9. The cases Petitioner cites deal with habeas petitions brought under 28 U.S.C. § 2241, which allows a defendant attacking pretrial detention to bring a habeas petition. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007); *Green v. Whetsel*, 164 F. App'x 710, 710-11 (10th Cir. 2006); *Fuller*, 112 F. App'x at 725. But even in cases under Section 2241, the pretrial detainee must exhaust available remedies before bringing a federal Section 2241 habeas petition. *See, e.g.*, *Capps*, 13 F.3d at 353-54 & n.2; *Thompson v. Robinson*, 565 F. App'x 738, 739 (10th Cir. 2014). Because Petitioner has not exhausted any new issues with the Tribal Court, any supplement to his Petition would be futile. *See Stephens v. Alliant Techsystems Corp.*, 714 F. App'x 841, 846 (10th Cir. 2017) ("[C]ourts may deny leave to amend a complaint when the proposed amendment would be futile, meaning the amended complaint would be subject to dismissal."). Accordingly, the undersigned recommends denying his Motion to Supplement.

Lastly, while Petitioner briefly mentions that the new charge creates violations such as denial of bail and an ex post facto clause violation, his main argument is that the new charge is a violation of the Double Jeopardy Clause. Yet, Petitioner has not shown how the 2018 charge is the same as any 2017 charge, other than making generalized claims that the charges overlap. *See Doc. 54* at 5 (asserting that the investigation for the 2018 charge "overlaps with the time period in question in the

12

original charge and conviction"); *id.* at 8 (asserting that the new charges "stem[s] from the original criminal proceeding"); *id.* at 9 (asserting that the 2017 and 2018 charges have "identical circumstances"). The new charge alleges embezzlement that occurred between September 23, 2015 and February 1, 2016. *Doc. 51-2* at 4. This period of time does overlap with Counts 4, 6, and 7 of the 2017 charges. However, the new charge alleges Petitioner Coriz embezzled tribal funds to purchase $17,034.37 worth of jewelry-making supplies. *Id.* No such charge was brought with the 2017 charges.[4] Even if Petitioner was not required to exhaust tribal remedies before this Court could hear issues arising from the 2018 charge, he makes no showing of how double jeopardy would bar prosecution of the new, unrelated charge.

### c. Discovery

As discussed above, the undersigned recommends finding that a case or controversy no longer exists in this matter. Should the presiding judge agree, this case is moot, and it must be dismissed for want of jurisdiction. *See Jordan*, 654 F.3d at 1023. Respondent Coriz's request to vacate the evidentiary hearing and vacate discovery would then also be moot. However, until the presiding judge rules on the undersigned's recommendation, this case is still pending. The undersigned must therefore determine if discovery is appropriate while the Motion to Dismiss and this Proposed Findings and Recommended Disposition are pending.[5]

---

[4] Count 4 charged larceny for using tribal funds to purchase clothing from Overland Sheepskin, Count 6 was larceny for using tribal funds to purchase items from Harley Davidson, and Count 7 was larceny for using tribal fund to purchase clothing from Tommy Bahamas. *Doc. 7-1* at 10.

[5] The undersigned Magistrate Judge issuing her ruling on this non-dispositive discovery issue in her referral capacity under Federal Rule of Civil Procedure 72(a), not as proposed findings and recommended disposition under Rule 72(b).

13

"A court has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding." *Swepi, LP v. Mora Cty.*, No. CIV 14-0035 JB/SCY, 2014 WL 7474084, *15 (D.N.M. Dec. 19, 2014) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "Whether to stay discovery depends to a substantial degree on the facts and procedural progress of each individual case." *Kennicott v. Sandia Corp.*, No. CIV 17-188 JB/GJF, 2018 WL 4510254, at *2 (D.N.M. Sept. 20, 2018) (citations omitted). "The party seeking a stay generally faces a difficult burden," and must "make a strong showing of necessity" when seeking relief that would delay the court proceeding. *Swepi*, 2014 WL 7474084, *15.

The Court finds that Respondent Coriz has met his burden of showing a need to stay discovery based on the current posture of this case. The court in *Swepi* denied a motion to stay pending ruling on a motion for judgment on the pleadings because the pending motion "may not dispose of the case, because discovery may assist the parties in supplementing the record and assist the Court in ruling on the JOP Motion, and because staying discovery would prejudice the Defendants . . . ." *Id.* at *1. In contrast here, the Motion to Dismiss will dispose of this case in its entirety should the presiding adopt the undersigned's recommendation. *See also N.M. Soc'y for Acupuncture & Asian Med. v. Kinetacore Holdings, LLC*, No. 17-cv-0250 JCH/SMV, 2017 WL 6343626, *2 (D.N.M. Dec. 11, 2017) ("In deciding whether to stay discovery, courts may consider whether there are pending motions that would dispose of the case and whether such motions appear meritorious.").

Further, the discovery sought by Petitioner and the evidentiary hearing relate to the issues of waiver and exhaustion of rights under the Petition. *See Doc. 61-1*. Neither

waiver nor exhaustion are relevant to the Motion to Dismiss. Finally, Petitioner Coriz will not be prejudiced by this stay because the information he seeks will still be available should the presiding judge find this case is not moot. Additionally, Petitioner will not be prejudiced by a delay in discovery because he has been released from custody on the 2017 convictions.

### III.     Recommendations and Order

For the reasons set forth above, the Court recommends that the presiding judge:

(1) grant the Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 25 U.S.C. § 1303 as Moot and to Vacate Pending Hearing and Discovery Requests as Moot; and Request for Expedited Briefing and Review (*Doc. 51*);

(2) dismiss as moot the Petition for Writ of Habeas Corpus Pursuant to 25 U.S.C. § 1303 (*Doc. 1*); and

(3) deny Petitioner's Motion to Supplement the Writ of Habeas Corpus Petition (*Doc. 63*).

The Court further orders that the Motion to Extend Discovery Deadline and Delay Pending Evidentiary Hearing (*Doc. 53*) is **granted**. Discovery and an evidentiary hearing are stayed pending disposition by the presiding judge on the Motion to Dismiss and this Proposed Findings and Recommended Disposition.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**